**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **JAQUELINE CORBETT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Case No. 11-1751 (RJL)** |
| | ) | |
| **TINA JENNIFER, *et al.*** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OPINION**
(August 27, 2012) [#3]

Plaintiff Jacqueline Corbett ("plaintiff" or "Corbett") brings this action against Tina Jennifer, Keyma Hicks, Will Wescott, Kathleen Anderson, Dominquez West, Steve Neilbergall, Brad Spooner, Henry Bash and Safeway Corporation ("Safeway") (collectively, "defendants"), seeking declaratory relief, as well as compensatory and punitive damages, for eight causes of action relating to plaintiff's employment at Safeway. Before the Court is defendants' Motion to Dismiss, or in the alternative, Motion for Summary Judgment (Dkt. #3). Upon consideration of the parties' pleadings, relevant law, and the entire record herein, the defendants' Motion to Dismiss is GRANTED.

## FACTUAL & PROCEDURAL BACKGROUND

Plaintiff Jacqueline Corbett is a District of Columbia resident who has been

working as a baker's assistant for Safeway since 1996. Compl. ¶¶ 3, 6, ECF No. 1. During this time, plaintiff, a black female, alleges that "defendants either took actions that were discriminatory or [d]efendants failed to correct or stop the discriminating acts from taking place." *Id.* ¶¶ 3, 5. More specifically, plaintiff alleges that, in 1998, she experienced a "hostile work[] environment" when she was accused of stealing another Safeway employee's property and was verbally attacked by defendant Tina Jennifer, a white female and fellow Safeway employee. *Id.* ¶¶ 7-8. A few years later, in 2004 and 2005, plaintiff asserts that defendants and Safeway colleagues Tina Jennifer and Kathleen Anderson "started making life difficult for [her]," such as when Jennifer called plaintiff an "ugly black bitch" and Anderson did not take any action when plaintiff reported the incident. *Id.* ¶¶ 9-10. And in 2006 through 2008, plaintiff alleges, among other things, that an assistant manager at Safeway tampered with plaintiff's timesheet, another Safeway coworker failed to pay plaintiff for the hours she spent working as an acting manager, plaintiff was fired from a full-time baker position after a six-month period, and plaintiff's request for vacation was refused. *Id.* ¶¶ 12-16.

Plaintiff also contends, in her complaint, that, beginning in 2005, she "encountered discrimination based on her race for complaining about discriminatory treatment she received at the hands of her co-workers and superiors." *Id.* ¶ 19. For instance, plaintiff asserts that she was given an increased work load "that was not her responsibility" because of her race, and when she failed to complete the work, she was accused of not

being able to perform her duties. *Id.* ¶ 26. Moreover, plaintiff alleges that when she notified management of the issue, she was told by her supervisor that she was going to be watched because she was not to be trusted. *Id.* ¶¶ 20-21.

Plaintiff filed a timely complaint with the Equal Employment Opportunity Commission ("EEOC") on January 24, 2011, and received a right-to-sue letter dated on June 27, 2011. *Id.* ¶ 21; Defs.' Mem. in Supp. of Mot. to Dismiss, or in the Altern., Mot. for Summ. J. ("Defs.' Mem.") at 3, ECF No. 3-2. Plaintiff filed this suit against defendants on September 27, 2011. *See generally* Compl. Alleging numerous violations of law against one corporate and eight individual defendants, plaintiff asks this Court to grant judgment in her favor, as well as compensatory and punitive damages and an award of costs and attorneys' fees. *Id.* ¶¶ 23-49. Defendants moved to dismiss this action on November 2, 2011. *See generally* Defs.' Mot. to Dismiss, or in the Altern., Mot. for Summ. J. ("Defs.' Mot."), ECF No. 3. For the following reasons, this action must be dismissed.

## ANALYSIS

### I. Venue

Defendants move to dismiss this case for improper venue because, among other things, "any allegedly wrongful conduct . . . occurred in Maryland, where [p]laintiff and the majority of the [i]ndividual [d]efendants worked during the relevant time period, and Safeway maintains its regional office." Defs.' Mem. at 5-8. Plaintiff argues that the

District of Columbia is the proper forum because plaintiff "is a resident of the District of Columbia," "the acts complained of were committed in the District of Columbia," and Safeway "has several business facilities in the District of Columbia." Pl.'s Opp'n to Defs.' Mot. to Dismiss, or in the Altern., Mot. for Summ. J. ("Pl.'s Opp'n") at 6-8, ECF No. 5. Because this Court agrees with the defendants, this matter is dismissed for improper venue.

The Federal Rules provide that a court will dismiss or transfer a case if venue is improper or inconvenient in the plaintiff's chosen forum. *See* Fed. R. Civ. P. 12(b)(3). When a defendant moves to dismiss for improper venue under Rule 12(b)(3), the court must assume that the plaintiff's well-pled factual allegations concerning venue are true, and draw all reasonable inferences from those allegations in plaintiff's favor. *James v. Verizon Servs. Corp.,* 639 F. Supp. 2d 9, 11 (D.D.C. 2009); *Darby v. U.S. Dep't of Energy*, 231 F. Supp. 2d 274, 276 (D.D.C. 2002). While the court is not required to accept the plaintiff's legal conclusions as true, the defendant must present facts that will defeat the plaintiff's assertion of venue. *Darby*, 231 F. Supp. 2d at 277; *2215 Fifth St. Assocs. v. U-Haul Int'l, Inc.*, 148 F. Supp. 2d 50, 54 (D.D.C. 2001).

Plaintiff has filed eight counts against defendants: Title VII (count I); breach of contract (count II); 42 U.S.C. § 1981 (count III); retaliation (count IV), 42 U.S.C. § 1985 (count V); civil conspiracy (count VI); and intentional and negligent infliction of emotional distress (counts VII and VIII). Generally, venue must be established for each

cause of action. *See Lamont v. Haig*, 590 F.2d 1124, 1135 (D.C. Cir. 1978). For plaintiff's action, there are two relevant venue statutes: venue for plaintiff's Title VII action is governed by 42 U.S.C. § 2000e-5(f)(3), while venue for plaintiff's other counts is determined by the general venue statute, 28 U.S.C. § 1391.[1]

Under Title VII, a plaintiff may bring suit: (1) where "the unlawful employment practice is alleged to have been committed," (2) where "the employment records relevant to such practice are maintained or administered," or (3) where "the aggrieved person would have worked but for the alleged unlawful employment practice." 42 U.S.C. § 2000e-5(f)(3). Only if the defendant cannot be found in any of these districts can a plaintiff rely on a fourth possible location—"the judicial district in which the respondent has his principal office." *Id.*

Unfortunately for the plaintiff, venue is improper in the District of Columbia under each of these criteria. In her complaint, plaintiff describes, in detail, numerous adverse employment acts that form the basis of this action, yet makes *no* allegation that any of

---

[1] While this Court recognizes the principle established in *Hayes v. RCA Serv. Co.*, 546 F. Supp. 661 (D.D.C. 1982), specifically that Title VII's venue provision controls the determination of venue for both Title VII claims and Section 1981 claims in employment discrimination cases, *id.* at 664-65, our Circuit has yet to endorse it as the law of the circuit. *See Ifill v. Potter*, No. 05-2320, 2006 WL 3349549, at *2, n.4 (D.D.C. Nov. 17, 2006) (citing *Stebbins v. Nationwide Mut. Ins. Co.*, 757 F.2d 364, 367 (D.C. Cir. 1985)) (expressing no opinion whether *Hayes* correctly decided the issue of venue in a case with a number of employment discrimination claims); *Stebbins*, 757 F.2d at 369 (Edwards, J., concurring) (stating that *Hayes* is not "the law of this circuit"). Out of an abundance of caution, I will thus utilize the general venue statute for plaintiff's section 1981 claim.

these specific events took place in the District of Columbia.[2] *See generally* Compl. Moreover, plaintiff fails to assert that any of the relevant employment records are kept in the District of Columbia, or that she would have worked in the District of Columbia but for the alleged discrimination. *Id.* On the other hand, the defendants have established that defendant Safeway maintains a regional office in Maryland, not the District of Columbia, and that plaintiff's employment records are created in Maryland and stored in Arizona, not in the District of Columbia. *See* Defs.' Mot., Ex. 1, ¶¶ 2, 5, ECF No. 3-3. When determining where an alleged unlawful employment practice was committed, "the Court must look to the place where the decisions and actions concerning the employment practices occurred." *Hayes v. RCA Serv. Co.*, 546 F. Supp. 661, 663 (D.D.C. 1982). Because it is undisputed that such decisions and actions did not occur in the District of Columbia, plaintiff cannot properly lay venue for her Title VII action here.[3]

---

[2] Indeed, aside from the general, conclusory allegation that "[v]enue is appropriate because . . . all acts complained of were committed in the District of Columbia," Compl. ¶ 2, there is no assertion that any of the particular incidences detailed in the complaint took place in the District of Columbia.

[3] *See Pendleton v. Mukasey*, 552 F. Supp. 2d 14, 17-18 (D.D.C. 2008) ("[w]hen an alleged discriminatory employment practice is committed in another jurisdiction, the employment records are located in another jurisdiction, and the aggrieved person would have worked in another jurisdiction but for the unlawful employment practice, a plaintiff cannot properly lay venue in the District of Columbia"); *see also Walden v. Locke*, 629 F. Supp. 2d 11, 14 (D.D.C. 2009) (venue not appropriate in D.C. for an employee's Title VII claims where locus of disputed employment practices was in Virginia, employment records relevant to the employee's claims were located in Virginia, and the employee made no allegations that she would have worked in the District of Columbia but for the alleged unlawful employment practices); *Choi v. Skinner*, No. 89-1855, 1990 WL 605543, at *2 (D.D.C. Sept. 26, 1990) (same).

It is also clear that the plaintiff cannot establish venue in the District of Columbia for her other causes of action under the more lenient standard set forth in the general venue provision, 28 U.S.C. § 1391(b). Section (b) holds that a claim may be brought in any district (1) where "any defendant resides, if all defendants are residents of the [same] [s]tate"; (2) where "a substantial part of the events or omissions giving rise to the claim occurred"; or (3) "if there is no district in which an action may otherwise be brought", any district "in which any defendant is subject to the court's personal jurisdiction." 28 U.S.C. § 1391(b). First, defendants Jennifer, Hicks, Westcott, Anderson, West, Neilbergall, Spooner, and Bash do not reside in the same state; therefore, the first option is not available. *See* Defs.' Mot., Ex. 1, ¶ 3. Second, plaintiff provides no facts to support the proposition that a substantial part of the events giving rise to her claims occurred in the District beyond the conclusory allegation that "the acts complained of were committed in the District of Columbia." *See generally* Compl.; Pl.'s Opp'n at 7; *see also Freeman v. Fallin*, 254 F. Supp. 2d 52, 56 (D.D.C. 2003) ("Because it is the plaintiff's obligation to institute the action in a permissible forum, the plaintiff usually bears the burden of establishing that venue is proper."). Last, the case may not be brought in the District of Columbia because there is another district in which the action may be brought: the District of Maryland. *See* 28 U.S.C. § 1391(b)(3).

Based on the current record, proper venue thus cannot be established in the District of Columbia. When a plaintiff files an action in the wrong district, this Court may either

dismiss the case, "or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); *Haley v. Astrue*, 667 F. Supp. 2d 138, 142 (D.D.C. 2009). The decision whether dismissal or transfer is "in the interest of justice" is committed to the sound discretion of the district court. *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 789 (D.C. Cir. 1983). For the following reasons, I have concluded that dismissal of this action is appropriate.

**II. Personal Jurisdiction**

Defendants move to dismiss the complaint under Rule 12(b)(2) of the Federal Rules of Civil Procedure on the ground that this Court cannot exercise personal jurisdiction over seven of the eight individual defendants in this case. Defs.' Mem. at 8-10; Defs.' Reply to Opp'n to Mot. to Dismiss, or in the Altern., Mot. for Summ. Judgment ("Defs.' Reply") at 3, ECF No. 6.

To exercise personal jurisdiction over a non-resident defendant, a court must perform a two-part inquiry: (1) determine, under the state's long-arm statute, here D.C. Code § 13-423,[4] whether jurisdiction is applicable and then (2) examine whether a

[4] The District of Columbia's long-arm statute, D.C. Code § 13-423(a), provides: "A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's (1) transacting any business in the District of Columbia; (2) contracting to supply services in the District of Columbia; (3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia; or (4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia."

jurisdictional finding satisfies the constitutional requirements of due process. *GTE New Media Servs. Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000); *United States v. Ferrara*, 54 F.3d 825, 828 (D.C. Cir. 1995). With regard to the latter prong, the Court must examine whether a defendant's "minimum contacts" with the District of Columbia, if any, are such that "the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks and citation omitted).

Plaintiff establishes no basis for this Court's exercise of personal jurisdiction over defendants Hicks, West, Neilbergatt, Spooner, Bash, Anderson or Westcott. Under the first prong of the two-part inquiry, plaintiff's complaint fails to reveal any basis from which the Court might conclude that any of these seven individual defendants work in the District of Columbia or that plaintiff suffered an injury here, whether by act or omission committed inside or outside the District of Columbia. *See generally* Compl. With regard to the second prong, plaintiff, in her complaint, alleges no facts with respect to the aforementioned defendants' residences or contacts with the District of Columbia. *Id.* On the other hand, defendants represent that defendants Hicks, West, Neilbergatt, Spooner, and Bash work and reside in Maryland, defendant Anderson is a Maryland resident, and defendant Wescott lives and works in Virginia. Defs.' Mem. at 9; Defs.' Mem., Ex. 1. Absent any allegations to show defendant's purposeful activities sufficient to invoke the benefits or protections of the District of Columbia's laws, exercise of

personal jurisdiction over these seven defendants would be inconsistent with the law. Thus, this Court lacks personal jurisdiction over most of the individual defendants in this case.[5]

## CONCLUSION

For all the foregoing reasons, defendants' Motion to Dismiss, or in the alternative, Motion for Summary Judgment [#3] is hereby GRANTED. An appropriate order shall accompany this Memorandum Opinion.

RICHARD J. LEON
United States District Judge

[5] Because the Court dismisses this action on improper venue and lack of personal jurisdiction grounds, it does not reach the merits of defendants' motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).